UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:21-cv-00896-SEP ) |
| JEFFERSON COUNTY SHERIFF DEPARTMENT, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Civil Complaint and Request for Leave to Proceed *in forma pauperis*.[1] Plaintiff's request is denied, and this case will be dismissed without prejudice to the filing of a fully paid complaint.

### BACKGROUND

Since September 3, 2020, Plaintiff has filed more than 150 civil actions *pro se* in this Court, each time seeking leave to proceed *in forma pauperis*. Plaintiff's first case, a petition for habeas corpus relief under 28 U.S.C. § 2254, was dismissed on December 14, 2020, due to failure to exhaust available state remedies. *Engel v. Payne*, No. 4:20-cv-1211-DDN (E.D. Mo. Sept. 3, 2020). Subsequently, Plaintiff began filing dozens of prisoner civil rights complaints pursuant to 42 U.S.C. § 1983, submitting his pleadings in bulk.

Plaintiffs' lawsuits have been rife with defects. He has sought trillions of dollars in damages from entities and individuals identified only by job titles based on limited, if any, factual support. *See, e.g.*, *Engel v. Corizon*, No. 4:20-cv-1695-NAB (E.D. Mo. Nov. 30, 2020) (listing 45 defendants on handwritten notes included with complaint); *Engel v. CO1*, No. 4:20-cv-1923-HEA (E.D. Mo. Dec. 20, 2020) (naming 49 defendants but none by a first and last name). Plaintiff has sought forms of relief that are unrelated to his claims (e.g., stocks, properties, outfitted luxury vehicles, and college scholarships), from both defendants and non-parties, and for others as well as himself. *See e.g., Engel v. CO1, et al.,* No. 4:20-cv-1620-NCC

---

[1] Plaintiff has not filed a separate Application to Proceed in District Court Without Prepaying Fees or Costs. Instead, he included such request in the body of the complaint.

(E.D. Mo. Nov. 9, 2020) (seeking scholarships for family members, Missouri farmland for marijuana cultivation, and Mercedes SUVs that are "bulletproof" and "bombproof"); *Engel v. USA*, No. 4:20-cv-1742-MTS (E.D. Mo. Dec. 1, 2020) (seeking 250 trillion dollars and 2 million in stocks of twenty-three listed countries); and *Engel v. Mercy Hospital Festus*, No. 4:20-cv-1911-AGF (E.D. Mo. Dec. 11, 2020) (seeking 8900 trillion dollars plus 10 million stocks in various metals, gems, food products, and U.S. and foreign currencies).  Plaintiff has also repeatedly invoked his putative status as a "sovereign citizen."  *See e.g.*, *Engel v. Governor of Missouri*, No. 1:20-CV-217-HEA (E.D. Mo. Oct. 7, 2020).

       Because of their flaws, Plaintiff's cases have generally been dismissed pursuant to 28 U.S.C. § 1915(e)(2) review or for failure to comply with Court orders.[2]  In many of the orders dismissing his complaints, Plaintiff has been admonished to avoid the practice of repeatedly filing frivolous and malicious complaints.  *See, e.g.*, *Engel v. Missouri Courts*, No. 4:20-cv-1258-SPM (E.D. Mo. Sept. 15, 2020).  He has repeatedly been cautioned that his abusive litigation practices could affect his future eligibility to proceed *in forma pauperis* and subject him to sanctions.  As of December 21, 2020, Plaintiff has been subject to the "three-strikes" provision of 28 U.S.C. § 1915(g).  Accordingly, in cases filed after that date, he has been denied leave to proceed *in forma pauperis* without prejudice to the filing of a fully paid complaint.

       As of December 31, 2020, Plaintiff had filed more than 130 civil actions.  The Court has also received civil rights complaints that are ostensibly from other prisoners but whose handwriting, allegations, and prayers for relief are strikingly similar to Plaintiff's filings.  *See e.g.*, *Herron v. ERDCC et al.,* No 4:21-cv-527-NAB (E.D. Mo. May 3, 2021).  After a brief pause in filings, Plaintiff has filed 29 new civil complaints since June 9, 2021.  These new complaints mirror those described above.  In sum, Plaintiff has flagrantly disregarded this Court's warnings to avoid abusive litigation practices.

---

[2] In many of Plaintiff's actions, the Court determined that his allegations were "clearly baseless" and therefore factually frivolous under the standard articulated in *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In others, the Court determined that they were subject to dismissal as malicious based upon the nature of his pleadings and his abusive litigation practices.  *See e.g., Engel v. Prob. & Parole of Mo.*, No. 4:20-cv-1740-DDN (E.D. Mo. Dec. 22, 2020) (listing 29 of Mr. Engel's cases naming Missouri Department of Corrections as a defendant); *Engel v. Corizon*, No. 4:20-cv-1812-NAB (E.D. Mo. Jan. 6, 2021) (discussing Mr. Engel's litigation practices as part of an attempt to harass named defendants and not a legitimate attempt to vindicate a cognizable right).

## THE COMPLAINT

On or about July 15, 2021, Plaintiff, an inmate at the Missouri Eastern Correctional Center, filed the instant action against the Jefferson County Sheriff's Department and the Governor of Missouri pursuant to 42 U.S.C. § 1983.  He identifies himself as a sovereign citizen of Alaska.  Plaintiff's claim reads:

> This is in regards to Jeff Co. and State of Missouri trying to take away o[u]r visits [illegible] not cool it always messes up we have a right to see our loved ones face to face and getting sentence. [sic]

He describes his injuries as: "civil rights, civil liberty rights, prisoner rights, PTSD, [and] mind raping."  For relief, he seeks "650 Billion Dollars."

## DISCUSSION

The Prison Litigation Reform Act of 1996 provides, in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).  Plaintiff, a prisoner, has filed more than three civil actions that have been dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[3]  Therefore, Plaintiff may proceed *in forma pauperis* in this action only if he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The Complaint contains no allegations establishing that Plaintiff is under imminent danger of serious physical injury.  Therefore, Plaintiff may not proceed *in forma pauperis* in this action.  *See* 28 U.S.C. § 1915(g).

Even if Plaintiff were allowed to proceed *in forma pauperis* in this matter, the Complaint would be dismissed as legally frivolous.  The Jefferson County Sheriff's Department is not an entity that can be sued under § 1983.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government "are not juridical entities

---

[3] *See Engel v. Governor of Missouri*, *et al.,* No. 1:20-cv-217 HEA (E.D. Mo. Dec. 15, 2020); *Engel v. United States of America, et al.*, No. 4:20-cv-1742 MTS (E.D. Mo. Dec. 18, 2020); *Engel v. Missouri Courts, et al.,* No. 4:20-cv-1258 SPM (E.D. Mo. Dec. 21, 2020).

suable as such."); *De La Garza v. Kandiyohi County Jail*, 2001 WL 987542, at *1 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities); and *Crigler v. City of St. Louis*, 767 F. Supp. 197, 198 (E.D. Mo. 1991) (police department is not a suable entity). As to the Governor of Missouri, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). Neither exception to sovereign immunity, abrogation or waiver, applies here.

Plaintiff's claim against the Governor in his individual capacity also fails because the Complaint lacks any allegations showing the Governor was personally involved in or directly responsible for misconduct that caused a violation of Plaintiff's civil rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). Simply listing a defendant's name is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of defendants who were named in complaint but had no factual allegations made against them); *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with the district court's dismissal of defendants who were listed in complaint but not alleged to have been personally involved in the constitutional violations).

To the extent Plaintiff claims entitlement to relief based upon his status as a "sovereign citizen," that claim is frivolous. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983); *see also United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of a "sovereign citizen" and collecting cases rejecting the group's claims as frivolous and recommending that "sovereign citizen" arguments "be rejected summarily, however they are presented.").

Finally, the Complaint is subject to dismissal because it is malicious. As described above, Plaintiff has knowingly and persistently engaged in litigation practices that amount to abuse of the judicial process. In that context, the Complaint is plainly part of a general campaign of harassment, not as a legitimate attempt to vindicate a cognizable right. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curium) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable

4

right); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

**Plaintiff is once again advised that his litigation practices are abusive and cautioned to avoid such practices in the future. For each such complaint Plaintiff files, the Court will instruct the Clerk of Court to begin debiting his prison account to pay the civil filing fees. Plaintiff is further cautioned that the Court may impose monetary sanctions upon him if he continues his abusive litigation practices in the future.**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff may not proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully paid complaint. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall request that the agency having custody of Plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the $402 civil filing fees are paid in full.

Dated this 10th day of September, 2021.

*Sarah E. Pitlyk*
_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE