**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL<br><br>Plaintiff,<br>v.<br><br>JEFFERSON COUNTY SHERIFF, DEPARTMENT, et al.,<br><br>Defendants. | ) | Case No. 4:21-cv-896-SEP |

**<u>MEMORANDUM AND ORDER</u>**

Before the Court is pro se Plaintiff's Motion to Reopen. Doc. [5]. For the reasons set forth below, the motion is denied.

**BACKGROUND**

Plaintiff's case was dismissed on September 10, 2021, because he had disregarded this Court's warnings to avoid abusive litigation practices and because his claims were legally frivolous. Doc. [2]. Plaintiff did not appeal the dismissal.

**DISCUSSION**

The motion to reopen largely reiterates Plaintiff's claims that this Court has already considered and rejected.[1] The Court construes the motion as seeking relief from a final judgment under Federal Rule of Civil Procedure 60(b). *See Brown v. Rico Defendants Named & Unnamed*, 2026 WL 1715966 at *1 (E.D. Mo. June 12, 2026) (construing a motion to reopen as a request for relief under Rule 60). Relief under Rule 60 is both untimely and unwarranted. Plaintiff has not alleged mistake, fraud or any other ground for relief enumerated in Rule 60. Doc. [5]. Motions under Rule 60(b)(1), (2), and (3) must be filed "no more than a year after the entry of the judgment," and motions under any Rule 60(b) subsection must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Plaintiff has moved to reopen more than four years after the Court entered judgment, well outside the one-year limit and beyond any time frame that might be

[1] Plaintiff's Motion to Reopen reads, "On July 15, 2021 the Sheriff Department trying to make everything video its wrong we have a right to see our loved ones face to face." Doc. [5]. Plaintiff claims that the injury is a due process violation and requests as relief one million dollars in a personal bank account. Doc. [5]. Similarly, Plaintiff's original complaint read: "This is in regards to Jeff Co. and the State of Missouri trying to take away o[u]r visits [illegible] not cool it always messes up we have a right to see our loved ones face to face and getting sentence." Doc. [2]. Plaintiff described his injuries as "civil rights, civil liberty rights, prisoner rights, PTSD, [and] mind raping." *Id.*

considered reasonable. Further, Plaintiff's submission does not cure the deficiencies that necessitated dismissal in the first place: Plaintiff still may not proceed *in forma pauperis*, and his claims are legally frivolous. In its dismissal order on September 10, 2021, this Court held that since Plaintiff has filed more than three civil actions that were frivolous or malicious or failed to state a claim upon which relief could be granted, he may only proceed *in forma pauperis* if he is in imminent danger of serious physical injury. *See* Doc. [2]; 28 U.S.C. § 1915(g) (prohibiting a prisoner from filing a civil action if he has brought more than three civil actions that have been dismissed because they were frivolous or malicious, or failed to state a claim upon which relief could be granted). Plaintiff did not make a showing of imminent danger of physical injury in the Complaint, and he does not do so here. Therefore, as this Court already held, Plaintiff may not proceed *in forma pauperis* in this action. Even if Plaintiff could proceed *in forma pauperis* in this matter, Plaintiff's motion to reopen the case presents the same legally frivolous claims that the Complaint contained and the Court dismissed. *See* Doc. [2].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen, Doc. [5], is **DENIED.**

**IT IS FURTHER ORDERED** that, should Plaintiff submit any additional documents in this closed matter, the Clerk of Court shall return them to Plaintiff unfiled.

Dated this 11th day of September, 2026.

Sarah E. Pitlyk

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE